The Honorable H.G. Foster Prosecuting Attorney 20th Judicial District P.O. Box 1105 Faulkner County Courthouse Conway, Arkansas 72033
Dear Mr. Foster:
This opinion is being issued in response to your recent question regarding the disposition of funds collected as a result of bond forfeitures. You have indicated that the Clinton Municipal Court has been distributing such funds to a county jail revenue bond fund, pursuant to A.C.A. § 12-41-601 et seq. In light of that fact, you have presented the following question:
 Must any portion of funds collected as the result of bond forfeitures by the Clinton Municipal Court be remitted to the State as court costs?[1]
It is my opinion that funds collected as a result of bond forfeitures must be distributed in accordance with both the provisions of Act 1256 of 1995 (codified in substantial part at A.C.A. § 16-10-301 — 310) and with the provisions of A.C.A. § 12-41-715, read conjointly.
Act 1256 of 1995 imposes a "court cost" upon defendants who have forfeited bond. See A.C.A. § 16-10-305(a). This "court cost" appears to be in addition to the amount of the bond itself, and is deposited into the "City Administration of Justice Fund," which is created by the Act.See A.C.A. § 16-10-308. The City Administration of Justice Fund is used to pay for various municipal and county programs and agencies. (Among those programs to be funded by the City Administration of Justice Fund are "[a]ll county-level programs and agencies funded in whole or in part by court costs and filing fees assessed and collected by the municipal, city, or police court. . . ." A.C.A. § 16-10-308(b)(5). This would include the county jail revenue bond fund that is authorized by A.C.A. §12-41-701 et seq.) The amounts not needed to fund the various programs and agencies referred to in the Act are then remitted to the State and deposited into the State Administration of Justice Fund. A.C.A. §16-10-308(e); A.C.A. § 16-10-306.
Act 1256 of 1995 does not require the deposit of bond forfeitures themselves into the City Administration of Justice Fund or into the State Administration of Justice Fund. Therefore, in municipalities and counties that have authorized jail revenue bond funds pursuant to A.C.A. §12-41-701 et seq., the disposition of such forfeitures continues to be governed by A.C.A. § 12-41-715(b), which requires that the entire amount of the forfeited bond be deposited into the county or municipal jail revenue bond fund, as the case may be, in accordance with that Act.
To summarize, therefore, it is my opinion that the "court cost" that is imposed upon defendants who have forfeited bond must be deposited into the City Administration of Justice Fund, the excess of which is remitted to the state and deposited into the State Administration of Justice Fund. It is my opinion, further, that in counties and municipalities that have authorized a jail revenue bond fund pursuant to A.C.A. § 12-41-701et seq., the forfeited bond itself must be deposited, in its entirety, into the county or municipal jail revenue bond fund.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
[1] In your correspondence, you made reference to Op. Att'y Gen. No.94-252, in which I opined that bond forfeitures cannot be construed or applied as "court costs" for purposes of the criminal histories that are compiled by the Arkansas Crime Information Center. Although that opinion noted that bond forfeitures cannot be offset against fines or court costs, it did not address the question of the proper disposition of any costs that are imposed as a result of bond forfeiture, such as those now authorized by Act 1256 of 1995.